UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK PEARSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01395 ERW |
| ) | |
| HAZELWOOD SCHOOL DISTRICT, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Sanctions and in the Alternative Motion to Compel Discovery [doc. #11].

## **I. BACKGROUND**

Plaintiff Pearson filed suit against Defendant School District on August 3, 2007, alleging discrimination on the basis of race. At that time Plaintiff was represented by attorney Eric Tolen. A Rule 16 conference was held on October 2, 2007, however, counsel for Plaintiff did not appear. Eric Tolen was terminated as counsel of record on November 27, 2007. This Court issued an order requiring Plaintiff to obtain substitute counsel no later than November 15, 2007. No notice of substitute counsel was provided to the Court, and therefore, the Court assumes that Plaintiff is acting *pro se*.

In accordance with the case management order ("CMO"), Rule 26(a)(1) disclosures were to be made no later than December 10, 2007, with all discovery being completed by June 2, 2008. Defendant served Plaintiff with their initial disclosures by the proscribed date, and also served a set of interrogatories on Plaintiff. Defendant has not yet received any initial disclosures from

1

Plaintiff, nor has Plaintiff responded to Defendant's first set of interrogatories. Defendant sent a letter dated January 21, 2008 to Plaintiff, requesting that he comply with the CMO and provide his initial disclosures. A second letter was sent on February 11, 2008. Defendant did not receive a response to either correspondence. On February 20, 2008, Defendant filed a motion for sanctions with this Court, or in the alternative a motion to compel discovery. Plaintiff did not file a response to Defendant's motion. On March 6, 2008, this Court issued a show cause order requiring Plaintiff to show cause no later than March 20, 2008, why Defendant's Motion for Sanctions should not be granted and the case dismissed for failure to comply with Orders of this Court. Plaintiff has not responded to this Court's order.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure states: "except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:" names, addresses and phone numbers of individuals with discoverable information; description of documents, electronically stored information, and tangible objects in the party's custody; computation of damages; and insurance agreements. Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). The Federal Rules further provide for sanctions for failing to comply with a court order. Fed. R. Civ. P. 37(b). "If a party . . . fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

This Court specifically informed Plaintiff, in its March 6, 2008 Order, that failure to respond to Defendant's pending motion could result in sanctions, including dismissal of this action. While the Court is cognizant that Plaintiff is proceeding in this matter *pro se*, "[a] pro se

2

litigant is bound by the litigation rules as is a lawyer . . . ." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Plaintiff has made no attempt to contact the Court, or opposing counsel in order to seek guidance on how to proceed with discovery. Nor has Plaintiff filed any response to this Court's show cause order. Therefore, the Court concludes that sanctions are appropriate in this case due to Plaintiff's failure to respond to discovery requests, and failure to make initial disclosures under Rule 26(a)(1). The Court concurs with Defendant that dismissal is the appropriate sanction. Defendant cannot be obligated to continue the Defense of an action in which the Plaintiff is failing to participate.

Additionally, the Court addresses Defendant's request for expenses, including attorney's fees, associated with preparing and filing the instant motion. While the Court recognizes that Defendant may have incurred additional expenses in drafting the pending motion, the Court does not find it appropriate to charge those expenses against the Plaintiff. Plaintiff filed this lawsuit with the aid of counsel, and while he was responsible for either finding replacement counsel or proceeding *pro se*, the task of prosecuting a case in federal court can be daunting. Plaintiff's case will be dismissed with prejudice, and no further sanctions will be ordered.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions [doc. #11] is **GRANTED in part** and **DENIED in part.** Defendant's request for sanctions in the form of dismissal is **GRANTED**. Defendant's alternate Motion to Compel Discovery is **DENIED as moot**. Defendant's request for fees and costs associated with this motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

Dated this 2nd Day of April, 2008.

                                                                    _____
                                                                    E. RICHARD WEBBER
                                                                    UNITED STATES DISTRICT JUDGE